Moritz Stiewell v. Flora Burdell.

HOWELL, J., recused.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

MORITZ STIEWELL v. FLORA BURDELL.

Subrogation takes place of right:—
1. For the benefit of him who, being himself a creditor, pays another creditor, whose claim is preferable to his, by reason of his privileges or mortgages;
2. For the benefit of the purchaser of any immovable property, who employs the price of his purchase in paying the creditors to whom the hereditament was mortgaged;
3. For the benefit of him who, beingbound with others, or for others, for the payment of the debt, had an interest in discharging it;
4. For the benefit of the beneficiary heir, who has paid with his own funds the debts of the succession.
5. The surety is discharged when, by the act of the creditor, the subrogation to his rights, mortgages and privileges, can no longer be operated in favor of the surety.

APPEAL from the Sixth District Court of New Orleans, *Leaumont, J. Shackleford* and *Field*, for plaintiff and appellant. *S. H. Torrey*, for defendant.

LABAUVE, J. The plaintiff claims of the defendant the sum of $2,217, composed of a note, dated April 29, 1861, payable on demand to plaintiff, for $717, money paid by plaintiff as security for defendant, to Doll &

2

Kathman, on 30th September, 1861, for house rent, and for which plaintiff claims a subrogation to Doll & Kathman's privilege, say $750, and money paid by plaintiff for defendant, on the 23d July, 1860, to Margaret Thompson, being for the purchase money for certain furniture sold by said Margaret Thompson to defendant, and for which he claims the privilege of the vendor, $750. The plaintiff sued out a writ of provisional seizure upon the claim for rent, and a writ of sequestration upon the claim for furniture paid Margaret Thompson.

· The defendant first answered by a general denial. She admitted she executed her promissory note in favor of plaintiff for $1,000. That she was also indebted to plaintiff in the sum of $750, amount paid by him to Margaret Thompson. In the further sum of $750, paid by said plaintiff to her lessors, Doll & Kathman. That she was also indebted to said plaintiff in the sum of $717, as evidenced by her promissory note in favor of said plaintiff, dated 27th April, 1861, and due 4th June, 1861. She further answers that she has made many payments, which she details with dates, amounting in all to $2,813. She further avers that she has paid the said Stiewell, on his own claim, the monthly interest of 10 per cent., and that, under the suit of such interest, usurious and exorbitant, she has paid him many amounts, which she details with dates, in all $1,460, and for which she claims credit; and she claims a balance in her favor of $1,056, by way of reconvention. She also claims the further sum of $1,000 as damages for the wrongful sueing of the provisional seizure in this case. She prayed accordingly for judgment for $2,056.

The case was submitted to a jury who found a verdict in the following words : "We, the jury, find a verdict for the defendant," and the court gave a judgment accordingly.

The defendant took a rule upon plaintiff to show cause why the writs of provisional seizure and sequestration, should not be set aside on the following grounds :

1. The petition and affidavit are not sufficient in law to authorize said writs.

2. The affidavit is not true; the surety on the bond is not such good security as the law requires.

The plaintiff was not the lessor of the premises and has not been subrogated to the rights of the lessors; because, it is not true that defendant attempted or intended, before or since the issuing of said writs, to remove the furniture from the premises.

After a hearing, the Judge made the rule absolute, so far as to set aside the writ of provisional seizure, and dismissed it as to the writ of sequestration. The ground for sustaining the rule in part, is that the evidence does not sustain the alleged conventional subrogation, nor establish that interest which accords a legal subrogation, and that it does not show that plaintiff was bound as a legal surety of defendant, but only that he paid the rent for certain months during defendant's absence. The plaintiff appealed from that decision against him.

The testimony upon that point is as follows :

*James Kathman*, a witness, says : "I was the agent of Doll & Kathman for the collection of rent of the property rented by them to Flora Burdell. I recognize my signature on the receipts marked T, U, V, W and X. The money was paid by Mr. Stiewell for rent of houses on Customhouse street. I do not know on what terms he paid the money ; the parties were on good terms at the time. I received the money from Mr. Stiewell ; I considered the money Mr. Stiewell's money. Mr. Stiewell paid the money because he had promissed to pay it during her absence ; in fact, it was an arrangement between us all three. I was called there at the house, and F. Burdell told me that she was going to New York, and that Mr. Stiewell would pay her rent, to which Mr. Stiewell consented. I then called on Mr. Stiewell, who paid the rent monthly. The intention of Flora Burdell was to go to the North and Mr. Stiewell was to pay her rent during her absence. I cannot tell what object he had in paying the rent, but to get his money back on Mrs. Burdell's return. The document marked Y is signed by me."

The five receipts given to plaintiff for the rent he paid in the absence of defendant were adduced in evidence, each $150 for monthly rent due by said defendant. Our attention has not been called to any other ground contained in the rule. This testimony clearly shows that plaintiff was considered as a surety of the strongest kind ; it cannot be pretended that he wanted to give nemo premmitur denare ; besides, defendant admits the debt in her answer ; he was bound to pay, and, in doing so, he was subrogated by law to the right and privilege of the lessors. C. C. Art. 2157, No. 3. Besides, it is a well-settled rule that a surety who pays the debt of the principal debtor, takes the lien and place of the creditor, so much so that when the creditor, by his own act, cannot subrogate the surety to the right and privilege inherent to the debt, the surety is discharged. C. C. Art. 3030. The District Judge erred.

During the trial below, defendant offered in evidence, a note signed by her to her own order, and endorsed by her, dated 20th April, 1860, for $1,000, payable in six months, to the introduction of which plaintiff objected, on the grounds that said note was not pertinent and did not shed any light upon any issue in the case ; and the Court admitted said note, and a bill of exceptions taken to the decision of the Court. The defendant had given a statement of their account, and she had charged herself with the amount of said note to the credit of plaintiff, it was then proper for her to show that she had taken it up. We believe, under this circumstance, it was properly received. The other bill of exceptions to the testimony of *John Honhort*, we cannot sustain : the objections were more to the effect of said testimony than to its admissibility.

We have carefully examined the testimony and we are not satisfied that defendant has proved the payments and other matters by her set up in her defence. We think that justice requires that the case should be remanded to be tried according to law.

It is therefore ordered, adjudged and decreed, that, that part of the judgment of the lower Court, so far as it sets aside the writ of provissional seizure, be amended and reversed, and the provisional seizure reinstated. It is further decreed that the verdict of the jury be set aside and the judgment of the Court upon it annulled and avoided, the defendant and appellee to pay the cost of appeal.

HYMAN, C. J., and HOWELL, J., recused.